UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALEJANDRO RODRIGUEZ,<br><br>        Plaintiff,<br><br>vs.<br><br>P. SOLOMON, *et al.*,<br><br>        Defendants. | Case No. 2:12-cv-02111-JCM-CWH<br><br>**ORDER** |

Plaintiff, who is a detainee at the Clark County Detention Center (CCDC) has submitted a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (ECF No. 1-1) and an application to proceed *in forma pauperis*. The Court finds that Plaintiff is unable to make an initial installment payment. However, pursuant to 28 U.S.C. § 1915, plaintiff will be required to make monthly payments toward the full filing fee of three hundred fifty dollars ($350.00) when he has funds available. Plaintiff has also recently sent a letter to the Court which was returned advising him to style any request to the court as a motion. Having reviewed the letter, the court will construe it as a request for the appointment of counsel, which request will be denied.

The complaint is subject to the provisions of the Prisoner Litigation Reform Act as discussed below.

**I.      Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous,

malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404

U.S. 519, 520 (1972) (per curiam).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.*  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.    Discussion**

Plaintiff alleges that on January 1, 2012, he was arrested and placed in a transportation bus where he was secured to the seat by a waist-only seat belt, leaving his upper torso free to move without restraint.  He alleges that the bus made a sudden stop and he hit his shoulder against the wall, injuring it.  He claims he has been lost the movement in his right arm since that time.  He notes that x-rays were taken and the CCDC doctor's opined that there was no injury to the joint.  Plaintiff blames the transportation officer, P. Solomon, for his injury and seeks an examination by an independent doctor because he disagrees with the CCDC doctors.  Plaintiff also names the CCDC Medical Administrator

and the CCDC Administration as defendants in their official capacity. He seeks monetary damages to pay for medical care outside the jail or repair of his shoulder and hand.

State officials may be sued in their official capacity for injunctive or declaratory relief only. *See Arizonans for Official English v. Arizona,* 520 U.S. 43, 69 n. 23, (1997); *Hafer v. Melo,* 502 U.S. 21, 27 (1991); *Flint v. Dennison,* 488 F.3d 816, 824-25 (9th Cir. 2007). Thus, as pled, plaintiff may only obtain an order requiring the officials to provide the medical care plaintiff believes he is entitled to receive. He may not receive monetary damages from defendants acting solely in their official capacities.

<u>Medical Care Under the Eighth Amendment</u>

The government has an obligation under the Eighth Amendment to provide medical care for those whom it punishes by incarceration. *See Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Plaintiff resides at the Clark County Detention Center as a pre-trial detainee, who is not subject to punishment as would a convicted individual. *See Graham v. Connor,* 490 U.S. 386, 392 n. 6 (1989) *see also Ingraham v. Wright*, 430 U.S. 651, 671, n. 40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"). However, the Fourteenth Amendment does afford pretrial detainees protections from excessive force and violence at least as strong as those afforded under the Eighth Amendment. *City of Revere v. Massachusetts General Hosp.,* 463 U.S. 239, 244 (1983). "Under the Due Process Clause, detainees have a right against conditions or restrictions that "amount to punishment." *Pierce v. County of Orange,* 526 F.3d 1190, 1205 (9th Cir. 2008).

Plaintiff alleges that when he complained that his hand and shoulder were still sore and that he suffered loss of movement, the doctors advised him to do certain exercises because the injury was to the muscle. He alleges he has done the exercises, but the problems continue and he has been refused the opportunity to see another doctor.

"[N]ot every breach of [the duty to provide medical care] is of constitutional proportions. In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" *Id*. (quoting *Estelle,* 429 U.S. at 104). Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "deny, delay, or intentionally interfere with medical treatment.... Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Id*. A difference of opinion between the physician and the prisoner concerning the appropriate course of treatment does not amount to deliberate indifference to serious medical needs. *See Toguchi v. Chung,* 391 F.3d 1051, 1058 (9th Cir. 2004).

Plaintiff does not allege that the CCDC has refused to allow him to see any doctor. Rather, he alleges that he disagrees with the CCDC doctor's opinions and wants an independent doctor's review of his shoulder and arm. This claim fails to state a constitutional or civil rights violation, as plaintiff has only demonstrated a difference of opinion as to his treatment. Moreover, he has not identified any individual person who is responsible for refusing his requests. Even under a "deliberate indifference" theory of individual liability, the plaintiff must still allege sufficient facts to plausibly establish the defendant's "knowledge of" and "acquiescence in" the unconstitutional conduct of his subordinates. *Starr v. Baca*, 652 F.3d 1020 1206–07 (9th Cir. 2011).

As to the allegations that the transportation officer is responsible for his injury, the facts presented in the complaint do not state a constitutional or civil rights violation. While plaintiff may have some grounds to bring a state court claim for negligence or some other tort, these circumstances do not fall under the protections of the Civil Rights Act. 42 U.S.C. § 1983.

Retaliation

Next, plaintiff alleges that he has been retaliated against for writing a letter to the Inspector General about his arm injury. He alleges that he was refused his medication and he was transferred to

5

the City Detention and Enforcement division.[1]  After a second letter to the Inspector General, plaintiff alleges he was transferred back to CCDC when officers took "a lot of legal papers" and other possessions, including his eyeglasses. Plaintiff alleges these actions are malicious.  He does not identify any specific individuals as responsible for these actions and he does not suggest how these acts violate his civil rights, although the Court notes the facts are most similar to a claim for retaliation.

"A prisoner suing prison officials under section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni,* 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam); *see also Vignolo v. Miller,* 120 F.3d 1075, 1077-78 (9th Cir. 1997).  These claims must be evaluated in the light of deference that must be accorded to prison officials. *See Pratt v. Rowland,* 65 F.3d 802, 807 (9th Cir. 1995).  The prisoner must establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Compare id.* (finding insufficient evidence) *with Valadingham v. Bojorquez,* 866 F.2d 1135, 1138-39 (9th Cir. 1989) (finding sufficient evidence).  Finally, the prisoner must demonstrate that his first amendment rights were actually chilled by the alleged retaliatory action. *See Resnick v. Hayes,* 213 F.3d 443, 449 (9th Cir. 2000).

Additionally, to state a colorable claim for retaliation, plaintiff must identify the individuals that he believes are responsible for the retaliation and identity the actions taken by each person in furthering the acts of which he complains. As drafted, plaintiff's complaint fails to provide the necessary facts and names to proceed on this claim. His attempt to hold the CCDC administration generally responsible for the alleged wrongs will be unsuccessful unless he can identify a policy or practice that had lead to denial of his requests for outside medical care.

If plaintiff believes the responsible individuals are supervisors rather than the jailors who actually took the property or did not deliver his medication, he must plead facts showing that each

---

[1] Plaintiff does not identify what medication has been denied or what harm may arise as a result.

government-official defendant, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. at 676 (2009). Where "there is no allegation of a specific policy implemented by the defendant or a specific event or events instigated by the defendants that led to the" alleged harm, there can be no supervisory liability under § 1983. *Hydrick v. Hunter* 2012 WL 89157, *4 (C.A. 9, 2012).

Plaintiff will be given an opportunity to file an amended complaint if he believes that he can provide the additional facts and information missing from his present complaint, as described in this order.

Appointment of Counsel

Plaintiff also has advised the court of his desire to obtain the assistance of the federal public defender to defend himself. (ECF No. 3). The Court construes this request as a motion for appointment of counsel. A court may appoint counsel under 42 U.S.C. § 1915(e) only under exceptional circumstances. "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)(citations omitted). Plaintiff advises that he "doesn't know how to defend himself," he is not a lawyer, and he doesn't understand English. *Id.*

Having reviewed the claims plaintiff has attempted to bring, plaintiff is advised that he is not "defending" the action, but prosecuting it. It is his case to pursue and he may proceed or not, as he desires. Second, the court notes that the injury to his arm may be serious, but the facts presented do not rise to the level of a civil rights violation. Rather the claims sound more in negligence, a wrong not considered appropriate for intervention in the federal courts. Thus, plaintiff does not present such exceptional circumstances as would warrant the appointment of counsel.

///

7

**III.     Conclusion**

Plaintiff has failed to state a claim either for a constitutional violation in the denial of medical care or for retaliation due to his attempts to file a grievance related to his medical care. He has not identified a proper defendant in his claims.  He will be given leave to amend his complaint.  If he elects to proceed in this action by filing an amended complaint, he is advised that he should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.  Plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's request for a public defender is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* without having to prepay the full filing fee (ECF No. 1) is **GRANTED**.  Plaintiff shall not be required to pay an initial installment fee.  Nevertheless, the full filing fee of three hundred fifty dollars ($350.00) shall still be due, even if this action is dismissed, pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security

1  therefor.  This Order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at
2  government expense.

3        **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prison
4  Litigation Reform Act of 1995, the **Clark County Detention Center** shall pay to the Clerk of the United
5  States District Court, District of Nevada, 20% of the preceding month's deposits to the prisoner's
6  account  (in months that the account exceeds $10.00) until the full three hundred fifty dollar ($350.00)
7  filing fee has been paid for this action.  If Plaintiff should be transferred and become under the care of
8  the Nevada Department of Prisons, the **Clark County Detention Center** Accounting Supervisor is
9  directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada
10 Department of Prisons, P.O. Box 7011, Carson City, NV 89702, indicating the amount that Plaintiff has
11 paid toward his filing fee, so that funds may continue to be deducted from Plaintiff's account.  The Clerk
12 shall send a copy of this order to the **Clark County Detention Center** Accounting Supervisor, 330 S.
13 Casino Center Blvd., Las Vegas, NV 89101.

14       **IT IS FURTHER ORDERED** that the Clerk of the Court shall **file** the Complaint, which is
15 **dismissed without prejudice and with leave to amend**. The Clerk shall **send** to plaintiff a form and
16 instructions for filing a § 1983 civil rights complaint. Plaintiff shall have thirty days from entry of this
17 order to file his amended complaint.  The amended complaint shall be identified as "First Amended"
18 complaint.  If no amendment is filed in the time permitted, the action will be dismissed and the case
19 closed.

20       **IT IS FURTHER ORDERED** that Plaintiff's request for the assistance of counsel (ECF No.
21 3) is **denied.**

22       Dated this 4th day of March, 2013.

                                                C.W. Hoffman, Jr.
                                                United States Magistrate Judge