UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALEJANDRO RODRIGUEZ,

        Plaintiff,                  Case No. 2:12-cv-02111-JCM-CWH

vs.

                                                   **ORDER**

P. SOLOMON, *et al.*,

        Defendants.

       Plaintiff, who is a detainee at the Clark County Detention Center (CCDC) has submitted an amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (ECF No. 5) in response to the court's original screening order. The amended complaint is subject to the provisions of the Prisoner Litigation Reform Act as discussed below.

**I.    Screening Pursuant to 28 U.S.C. § 1915A**

       Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42,

48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S.

1  662, 678-79, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a
2  complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual
3  allegations, a court should assume their veracity and then determine whether they plausibly give rise to
4  an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim for relief [is] a
5  context-specific task that requires the reviewing court to draw on its judicial experience and common
6  sense." *Id*.

7  Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the
8  prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal
9  conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of
10 infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual
11 allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28
12 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

13 **II.   Discussion**

14 Plaintiff alleges that on January 1, 2012, he was arrested and placed in a transportation bus where
15 he was secured to the seat by a waist-only seat belt, leaving his upper torso free to move without
16 restraint. He alleges that the bus made a sudden stop and he hit his shoulder against the wall, injuring
17 it. He claims he has lost the movement in his right arm since that time. He notes that x-rays were taken
18 and the Clark County Detention Center (CCDC) doctor, Dr. Mondora, opined that there was no break
19 or separation shown in the x-ray.[1] Plaintiff blames the transportation officer, P. Solomon, for his injury
20 and seeks an examination by an independent doctor because he disagrees with the CCDC doctor.
21 Plaintiff names P. Solomon, Dr. Mondora and the CCDC Warden as defendants. Dr. Mondora and the
22 warden are named in their official capacity. Plaintiff has not identified the capacity in which he sues
23 Mr. Solomon. He seeks monetary damages.

---

25  [1] The more specific information is taken from the exhibits attached to the amended complaint. Plaintiff appears to be a person with limited English language writing skills.

3

State officials may be sued in their official capacity for injunctive or declaratory relief only. *See Arizonans for Official English v. Arizona,* 520 U.S. 43, 69 n. 23, (1997); *Hafer v. Melo,* 502 U.S. 21, 27 (1991); *Flint v. Dennison,* 488 F.3d 816, 824-25 (9th Cir. 2007).  Thus, as pled, plaintiff may only obtain an order requiring the officials to provide the medical care plaintiff believes he is entitled to receive.  He may not receive monetary damages from defendants acting solely in their official capacities.

Count One

The government has an obligation under the Eighth Amendment to provide medical care for those whom it punishes by incarceration. *See Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988) (citing *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Plaintiff resides at the Clark County Detention Center as a pre-trial detainee, who is not subject to punishment as would a convicted individual. *See Graham v. Connor,* 490 U.S. 386, 392 n. 6 (1989) *see also Ingraham v. Wright*, 430 U.S. 651, 671, n. 40, 97 S.Ct. 1401, 1412, n. 40, 51 L.Ed.2d 711 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"). However, the Fourteenth Amendment does afford pretrial detainees protections from excessive force and violence at least as strong as those afforded under the Eighth Amendment. *City of Revere v. Massachusetts General Hosp.,* 463 U.S. 239, 244 (1983). "Under the Due Process Clause, detainees have a right against conditions or restrictions that "amount to punishment." *Pierce v. County of Orange,* 526 F.3d 1190, 1205 (9th Cir. 2008).

Plaintiff alleges the defendant doctor is obstructing his right to be seen by an independent doctor, alleging that federal law requires this court to intercede "when a nacional [sic] or international human right" is being violated by "any institution." Plaintiff does not identify the specific law or "universal letter singed [sic] by the United States of America" to which he refers.

Plaintiff has filed a civil rights action pursuant to 42 U.S.C. § 1983. Thus, it is plaintiff's rights under the U.S. Constitution that are at issue. And, as the court previously noted, it is the Eighth Amendment which provides protections to inmates and detainees related to the conditions of their

4

1  confinement, including medical needs. "[N]ot every breach of [the duty to provide medical care] is of
2  constitutional proportions. In order to violate the Eighth Amendment proscription against cruel and
3  unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'"
4  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988) (quoting *Estelle,* 429 U.S. at 104, 97 S.Ct.
5  285). Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "deny,
6  delay, or intentionally interfere with medical treatment.... Mere negligence in diagnosing or treating a
7  medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Id*. A
8  difference of opinion between the physician and the prisoner concerning the appropriate course of
9  treatment does not amount to deliberate indifference to serious medical needs. *See Toguchi v. Chung,*
10 391 F.3d 1051, 1058 (9th Cir. 2004).

11      Plaintiff does not allege that the CCDC has refused to allow him to see any doctor. Rather, he
12 he disagrees with the CCDC doctor's opinions and wants an independent doctor's review of his shoulder
13 and arm. Moreover, the documents attached to the amended complaint reveal that the detention center
14 has agreed to allow him to see an independent physician, if he is willing and able to pay for it. This
15 claim fails to state a constitutional or civil rights violation, as plaintiff has only demonstrated a
16 difference of opinion as to his treatment. Thus, plaintiff has failed to state a claim under the Eighth
17 Amendment for denial of medical care against the doctor or the prison administration.

18      Count Two

19      Next, plaintiff alleges that the transportation officer is responsible for his injury, due to his failure
20 to properly restrain plaintiff during transport. Once again, the facts presented in the complaint do not
21 state a constitutional or civil rights violation. While plaintiff may have some grounds to bring a state
22 court claim for negligence or some other tort, these circumstances do not fall under the protections of
23 the Civil Rights Act. 42 U.S.C. § 1983. Because this complaint will be dismissed for failure to state
24 a federal claim, plaintiff will have to bring his stat law claims in state court.

Count Three

In this "claim" plaintiff asserts that a crime has been committed, but not reported by the CCDC Administration, in a conspiracy to avoid responsibility for the "crime." He does not specify what crime he is referring to, but the inference is that he believes the alleged denied medical care and failure to properly restrain him during transport are criminal acts. This is not so, as there are no state or federal criminal statutes regarding a difference of opinion on a medical diagnosis. Neither is negligence a crime.

This count fails to state a claim. The amended complaint shall be dismissed with prejudice.

### III. Conclusion

Plaintiff has failed to state a claim either for a constitutional violation in the denial of medical care or based upon a failure to properly secure plaintiff during transport. His assertion that the CCDC has conspired to cover up these crimes also fails. The complaint shall be dismissed.

**IT IS THEREFORE ORDERED** that the amended complaint (ECF No. 5) is **DISMISSED FOR FAILURE TO STATE A CLAIM.** Any appeal of this decision would not be taken in good faith.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE**. The clerk shall enter judgment accordingly.

Dated April 25, 2013.

_____
UNITED STATES DISTRICT JUDGE